IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARNITA GILMORE, | ) | CASE NO. 1:09 CV 2716 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Charnita Gilmore, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Gilmore had severe impairments consisting of degenerative disc disease; history of non-dominant right hand wrist ganglion surgically excised; obesity; hypertension; and depression.[1] The ALJ made the following finding regarding Gilmore's residual functional capacity:

> After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(Bb) and 416.967(b), meaning she can lift, carry, push, and pull

---
[1] Transcript ("Tr.") at 13.

> 20 pounds occasionally and 10 pounds frequently, and she can sit, stand, and walk for six hours in an eight-hour workday, except she cannot perform a full range of light work because she can not climb ladders, ropes, or scaffolds, can occasionally balance, stoop, kneel, crouch, and crawl, can perform simple routine tasks, cannot perform a job a [sic] with rigorous production pace or strict production quotas, and can have superficial interaction with co-workers, supervisors, and the general public.[2]

Given that residual functional capacity, the ALJ found Gilmore incapable of performing her past relevant work as parker, packer, cashier, and laundry worker.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Gilmore could perform.[4] The ALJ, therefore, found Gilmore not under a disability.[5]

Gilmore asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Gilmore argues that the mental limitations in the residual functional capacity finding lack the support of substantial evidence because the record contains no evaluation of those limitations by a medical source.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[2] *Id.* at 15.

[3] *Id.* at 19.

[4] *Id.* at 20.

[5] *Id.* at 20-21.

## Analysis

The issue here is a narrow one – should the ALJ have obtained a consultative examination regarding Gilmore's mental impairments before deciding this case?

At the administrative level, on initial consideration, Gilmore complained of problems dealing with her sister's murder.[6] On further questioning, Gilmore denied any psychological problems (to a state agency employee).[7] The employee reported this to a state agency psychologist, who advised that a psychological consultative examination would be needed.[8] If Gilmore refused the exam, the case would be decided on the existing record with a notation of insufficient evidence.[9]

The state agency psychologist eventually completed a Psychiatric Review Technique form, noting depression as an impairment but making no further evaluation.[10] She commented that Gilmore denied any psychological impairments.[11] Taking the agency psychologist's report at face value, it does not appear that the agency made an appointment that Gilmore refused to attend.[12] Rather, the state agency decided not to order a consultative

---

[6] *Id.* at 143-44.

[7] *Id.* at 146.

[8] *Id.* at 211.

[9] *Id.*

[10] *Id.* at 227.

[11] *Id.*

[12] *Id.*

examination because Gilmore stated that her back pain, not depression, limited her work-related capabilities.[13]

Less than a year later, a second state agency psychologist prepared a second Psychiatric Review Technique form.[14] He concluded that Gilmore did not have a severe mental impairment.[15]

Nevertheless, the ALJ in his decision found that Gilmore had depression as a severe impairment[16] and incorporated work-related limitations into the residual functional capacity for this mental impairment.[17] Despite these limitations, based on the testimony of the vocational expert, the ALJ found Gilmore not disabled. The record contains no residual functional capacity opinion from a medical source translating the mental impairments into work-related limitations.

The ALJ does have discretion as to whether to order a consultative examination.[18] In a situation where the ALJ imposes work-related limitations without any medical source opinion, that discretion has limits.

---

[13] *Id.* at 214, 227.

[14] *Id.* at 265-78.

[15] *Id.* at 265, 277.

[16] *Id.* at 13.

[17] *Id.* at 15.

[18] *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001).

My decision in *Deskin v. Commissioner of Social Security*[19] addresses those limits, and I incorporate the analysis in *Deskin* herein by reference.  That analysis sets out a general rule for deciding when an ALJ may impose work-related limitations without an opinion from a medical source about such limitations.

> As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows "relatively little physical impairment" and an ALJ "can render a commonsense judgment about functional capacity."[20]

Here, the ALJ imposed substantial mental limitations on Gilmore's work-related capabilities without the benefit of any medical source opinion whatsoever.  Although the evidence showed very little mental impairment, if any, such evidence as exists in the record has no correlation to the limitations imposed.

This is a strange case because a remand for non-compliance with the rule in *Deskin*, given the record, would result in a decision adverse to Gilmore at step two or a finding of lesser limitations after additional expert testimony.  A consultative examination at this point would not yield any useful information about Gilmore's impairments or limitations for the time period relevant to the decision under review.[21]  A medical expert could be called.  He

---

[19] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).

[20] *Id.* at 912.

[21] *Day v. Shalala*, 23 F.3d 1052, 1063 (6th Cir. 1994).

or she would review the objective medical evidence in the record and give testimony at a hearing about appropriate limitations.  Here, however, the objective medical evidence of mental impairment is minimal, and the ALJ could render a "commonsense judgment" about functional capacity.  The medical expert, therefore, would be unnecessary.

What happened here is that, perhaps out of an abundance of caution, the ALJ gave Gilmore the extreme benefit of the doubt and adopted mental limitations beyond what commonsense judgment would dictate on this record.  Despite that, the step five analysis yielded a finding of no disability.

Under these unusual circumstances, I must conclude that the ALJ's technical non-compliance with the rule in *Deskin* constitutes harmless error, if any.  Substantial evidence supports the ALJ's ultimate finding that Gilmore was not disabled.[22]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Gilmore had no disability.  Accordingly, the decision of the Commissioner denying Gilmore disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated:  October 19, 2011                         s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

---

[22] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 912 (N.D. Ohio 2004).